IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30013 |
| | ) | |
| GARY D. HARPOLE, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on October 27, 2005, for the sentencing of Defendant Gary D. Harpole.  Defendant Harpole appeared in person and by his attorney Assistant Federal Defender Karl Bryning.  The Government appeared by Assistant U.S. Attorney Patrick Chesley. On April 29, 2005, Defendant Harpole pleaded guilty to Bank Fraud in violation of 18 U.S.C. 1344, as alleged in Count 1 of the Indictment, and Making a False Statement to a Bank in violation of 18 U.S.C. § 1014, as alleged in Count 7 of the Indictment.  The United States Probation Office prepared a Revised Presentence Investigation Report, dated October 13, 2005 (PSR). The Government had no objections to the PSR, and Defendant Harpole had

1

no objection to the PSR.

The Court therefore adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Harpole had a Guideline offense level of 17 and was in criminal history category I, resulting in a sentencing range of 24 to 30 months in Zone D of the Guideline range. The Guideline range is only advisory, and the Court exercised its discretion to determine Defendant Harpole's sentence. United States v. Booker, __ U.S. __, 125 S.Ct. 738 (2005).

After considering the evidence presented, the arguments of counsel, and the statement of Defendant Harpole, the Court determined, for the reason stated of record, that the amount of the intended loss, between $1,500,000.00 and $2,500,000.00, significantly overstated the severity of the Defendant's conduct.  See U.S.S.G. § 2F1.1, Application Note 8(b) (November 1, 1998, ed.) (The Probation Office used the 1998 edition of the Guidelines to prepare the PSR.  See PSR ¶ 37).  The Court found that the actual loss of $453,517.65, better reflected the seriousness of the offense. The Court therefore made a downward departure, and sentenced the Defendant based on the actual loss rather than the intended loss.

THEREFORE, the Court sentenced Defendant Harpole to a term of

18 months imprisonment on Counts 1 and 7, to be served concurrently, to be followed by 5 years of supervised release on Counts 1 and 7, to be served concurrently, and imposed a $200.00 special assessment. The special assessment is due immediately. Defendant Harpole also was ordered to pay restitution in the sum of $453,517.65. The restitution is owed to the victims of Defendant Harpole's crimes as follows: $46,041.02 to the First Bank, of Quincy, Illinois, and $407,476.63 to the Corn Belt State Bank and Trust Company, of Pittsfield, Illinois. The restitution is to be paid as follows: (1) Defendant Harpole shall pay the sum of $2,500.00 immediately; (2) while in prison, Defendant Harpole shall pay, in quarterly installments: (a) the sum of $25.00, if not employed in a UNICOR position, or (b) 50 percent of his monthly earnings if employed in a UNICOR position; and (3) upon release from prison, Defendant Harpole shall pay 50 percent of his monthly disposable income thereafter until the unpaid balance is paid in full. Interest was waived on the restitution. Should Defendant Harpole receive money or property from any source, other than earnings, with a value in excess of $500.00, he shall report the matter to the Probation Office and the entire unpaid balance of the restitution, up to the amount of the money or property so received, shall be immediately due and

payable.  Should the Defendant fail to make any prescribed payment without giving prior notice to the Probation Office or the Court, the entire amount of the unpaid balance of the restitution shall be immediately due and payable.  No fine was imposed.

The Defendant Harpole's request to self-surrender was allowed. Defendant Harpole was ordered to report no later than December 15, 2005, at 12:00 p.m. noon, to: (1) the facility designated by the Bureau of Prison as the facility in which he will be incarcerated; or (2) the U.S. Marshal's Office located at 600 E. Monroe Street, Springfield, Illinois.  The Court recommended that the Federal Bureau of Prisons place the Defendant in its facility located in Coleman, Florida.

IT IS THEREFORE SO ORDERED.

ENTER:  October 31, 2005.

    FOR THE COURT:

                      s/ Jeanne E. Scott
                      JEANNE E. SCOTT
            UNITED STATES DISTRICT JUDGE